PETITION FOR A RE-HEARING.
As counsel forthe appellee, McLean, Í respectfully' petition the court for a re-hearing, and briefly submit the reasons which influence me to do so.
The plea which your honors have adjudged bad on 'demurrer, as set forth in the opinion rendered, consists of three members, or parts.
First: the fact pleaded.
Second: a reference to evidence with an assertion that it will prove the fact.
Third: a legal consequence which results from the fact.
The fact pleaded as you have recited it, is “that before the commencement of his suit, King conveyed the land in the deed or covenant in the declaration mentioned to Samuel Burks.” This is the essence of the plea.
The reference to the evidence and assertion that it will prove the fact, follows in these words, “which will appear by said deed, a copy of which is here to the court shown.” The legal consequence which results, not from the evidence of the fact, but from the fact, is stated fin these words, “if any right of action has accrued against this defendant by reason of said deed, it has accrued to said Burks.” The second and third members of the plea are surplussage, and cannot vitiate the plea. In pleading it is only necessary to state the facts, neither the evidence of facts nor the law arising upon facts should be pleaded.
In the opinion it is said, “if King made the deed to 'Burks after judgment, and when King was not pos *35 sessedfon the contrary when the possession was adverse to King’s claim, then the deed from King to Burks would pass no interest in the land; and could not operate so as to transfer King’s right of action against M’Lean, consequent on the loss of the land, and which had become a mere chose in action, before the deed was made.” 1 will not stop to controvert this conclusion. Let it be admitted, and what then follows, surely not that the plea is-bad, but that it is-not true; that King did not convey the land. The plea is not that before the bringing his suit he ixecuted a deed to Burks for the land; but it is “that before the commencement of his suit, he conveyed the land in the: deed or covenant- in the declaration mentioned to Samuel Burks.” A very different allegation indeed.. 3 may execute a deed in all legal form, purporting on its face to convey a tract of land, but if that deed passes no interest in the land it cannot be said that I “conveyed the land.” When Í- aver that land is conveyed, I assert that the- agent was so situated as to be able to convey or pass the land; and that being-so situated, he performed an act which did pass it. The idea of a conveyance of laud is a complex idea; the averment of ability to do the thing is included in the assertion that the thing is done. The active verb “to convey” signifies to hand from one to-another; to transmit; to transfer;- to deliver to another; to imparl by means. ©f something, &c. The noun substantive “conveyance” we define, the means by which any thing is conveyed; transmission; the act of transferring property; a writing by which property is transferred, &c. The definition in Jacob’s law dictionary, volume second, page 60, is “a deed which passes or conveys land from one person to another.- If these definitions be correct, (and that they are, cannot be questioned) it follows,. that a deed which does not .convey or pass the thing which it purports to convey, is notin any proper sense of the term a conveyance; and if a deed which conveys or passes nothing, is not a conveyance, the land' which it purports to convey cannot be said to be conveyed, Hence, when M’Lean alleges that King, before the suit brought, “conveyed the land” he alleges that the land did pass, when he adds that this fact will appear by a copy of' a deed.. It is true he doea not so set out the deed as to show that his proof will *36 sustain his allegation. When the deed is produced, it may or may not sustain it. Whether it does or does not, is a question that will arise on the evidence, not on the pleadings. What it will prove, can only be known when it is judicially before the court. Upon the present plea, that only exists which may exist, and must exist, in all cases;'that is, an uncertainty, whether the plea be true, or false. The demurrer admits the truth of the plea, that is, “that before the commencement of his suit, King conveyed the land in the deed or covenant, in the declaration mentioned to Samuel Burks.” This being admitted to be the fact, the consequence must follow “that if any right of action has accrued against the defendant by reason of said deed, it has accrued to said Burks;” and I cannot perceive how it can be, that any defect in the plea exists because of the allegation, that the land zoízs conveyed before the commencement of the suit. Let the conveyance of the land have taken place when it may, the warranty passed with the land, and it is only, by supposing, that the land was not conveyed by the deed, that the court came to a different conclusion. But how can that presumption be indulged, when the plea is, that the land was in point of fact conveyed by King to Burks. I the more readily make this application as the point upon which the case is decided, and which Í have endeavored to discuss, was not urged by the appellant’s counsel, in argument; and consequently, I had no opportunity to submit my views. A re-hearing is respectfully asked.
Petition for a. re*b*arinS,*
Petition for a re-hearing.
Rules in pleading. What necessary to beset forth ia a plea.
D. Mayes, for M’Lean.
Judge Underwood
delivered the opinion of the Court overruling the petition.
In this case it did not escape the attention of the court, that the fifth plea to which the demurrer was filed, and oh which the cause was decided in the court below, averred that the plaintiff “coreveyedf &c. We also knew and duly considered the technical- meaning of the words used in the plea, and now having revised and maturely reflected on the opinion heretofore pronounced, we have determined to let it remain unchanged. It is very true that in pleading, it is only required to state the necessary and *37 essential facts, and if moréis stated, it may be regarded as surplussage, if it does not vitiate; but it is equally true, that all the facts must be stated are necessary to shew the court that the party has good cause of action or defence, and to apprise the adversary of the points and grounds intended to be relied on. This should be done clearly and directly, and not by averring as facts the inferences of the party drawn from facts. It is the province of the court and jury, to make proper declarations from facts averred and proved. In this case the plea shews that the averment that King “conveyed the land” was the result of the construction put by the party on the deed, to a copy of which the court is referred and told, that it will so appear from the copy, meaning no more nor less than that the court would be of the same opinion with the defendent, upon an examination of the deed. Now, whether such a thing would or would not appear, or what opinion the court might or ought to form on looking into the copy of the deed, it is impossible for this court to say, for the reasons assigned in the former opinion. We, therefore, deem it loo technical to overlook the popular use of the word “conveyed,” when applied to a deed which .is referred to, and a copy said to be shewn, and to adhere to its strictly legal meaning, when it is very dear to our minds, that the whole ground upon which the plea alleged the conveyance,, was the construction put by the defendant on the copy of the deed referred to, and the execution thereof, In an action of debt the declaration would certainly be defective, if it only averred that the defendant was indebted a certain sum, as would appear by a copy of the bond from the defendant to the plaintiff, and to the court shewn. A demurrer to such a declaration should he sustained; and if so, it might with equal plausibility as in this case, be insisted, that the debt was confessed, and that judgment for it should be given. If the copy of the deed spoken of in the plea was an official copy from the records of the enrollment of the original in the proper office, and in the time required by law, then it was full and complete evidence, and the defendant had it in his power to set out clearly, the time when it was executed or took effect: *38 having failed to do so, having failed to shew that King had parted with his title before eviction or loss of the land, and when there exists a violent presumption, he could have done it with accuracy; we will not by technical reasoning and critical niceties supply his omissions. The consequence may be to jeopardize, if not entirely to defeat a just demand against him. We see no objection, when the causé goes back to the inferior court, to giving the defendant leave to amend his fifth' plea if it is reques ted. In such an event, if he has a good defence, and can shew that another is entitled to the benefit of the warranty in his deed, he can avail' himself of it by proper averments..
Averment that King ^eland ”*inferenoe of plaintiff, nat ^omt. tho J!0^ 0 written instrument is the^ourt,*0 and not ex-bibited, pioytVvriiibe understood in their popular, ^¡hnical^ sense.
Def’t permitted to amend bb plea in the court below.